Michael Joe SELMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 192–87.

Court of Criminal Appeals of Texas,
En Banc.

March 13, 1991.

Rehearing Overruled April 17, 1991.

John H. Hagler, on appeal only, Dallas, for appellant.

John Vance, Dist. Atty., Constance M. Maher, Kevin Chapman and Andrew Beach, Asst. Dist. Attys., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

A jury convicted appellant, Michael Joe Selman, of conspiring to commit capital murder and sentenced him to twenty-five years' confinement. He appealed. The Dallas Court of Appeals first determined that the instruction naming appellant an "accomplice as a matter of law" in his co-defendant's jury charge was properly requested by the co-defendant, but the Court reversed appellant's conviction by holding that the charge was a prejudicial comment on the weight of the evidence in appellant's case. *Selman v. State*, 726 S.W.2d 178 (Tex.App.—Dallas 1987). This Court granted the State's petition for discretionary review to determine whether this holding of the Court of Appeals was correct. Although we differ with its rationale, we shall affirm the judgment of the Court of Appeals.

Since the issue before this Court does not raise sufficiency of the evidence, we shall

dispense with a synopsis of the facts of the alleged offense and summarize only the procedural matters at issue. Appellant and a co-defendant, Tommy Barnes, were indicted separately [1], but tried jointly for conspiring to murder Danny Doyle "for remuneration and the promise of remuneration." See V.T.C.A., Penal Code, Sections 15.02(a) and 19.03(a)(3). During the trial by jury, appellant pled not guilty and testified in his own defense; co-defendant Barnes, however, invoked his Fifth Amendment Right not to testify. Subsequently, co-defendant Barnes requested that the trial court instruct the jury (in the charge on his [Barnes'] guilt or innocence) that appellant's testimony required corroboration because appellant Selman was "an accomplice as a matter of law." See Article 38.14, V.A.C.C.P. Appellant's objection to this requested instruction was overruled and his motion to sever his case was denied.[2] Appellant and co-defendant Barnes were convicted in separate verdicts returned under separate jury charges.

On appeal, appellant complained that the accomplice instruction in co-defendant Barnes' jury charge was a prejudicial comment on the weight of the evidence in his [appellant's] case and should not have been given. Relying on *Crew v. State*, 675 S.W.2d 787 (Tex.App.—Dallas 1984, pet. ref'd), the Court of Appeals held that co-defendant Barnes had a right to have the jury instructed that appellant's testimony was accomplice testimony. *Selman*, 726 S.W.2d at 181. Nevertheless, by analogizing the instruction to the charge in *Talkington v. State*, 682 S.W.2d 674 (Tex.App. —Eastland 1984, pet. ref'd) (describing a complainant in a rape case as "the victim"), the court held that the accomplice instruction was a prejudicial comment on the weight of the evidence in contradiction to Article 38.05, V.A.C.C.P. and therefore, the jury charge constituted reversible error in

appellant's case. *Selman*, 726 S.W.2d at 181. We disagree with this analysis.

■ Since appellant was indicted for the same offense as his co-defendant, the trial court was correct in determining that he was an "accomplice as a matter of law." See *Harris v. State*, 790 S.W.2d 568, 579 (Tex.Cr.App.1989); *but see DeBlanc v. State*, 799 S.W.2d 701, 709 at note 7 (Tex. Cr.App.1990) (questioning validity of automatic finding of "accomplice as a matter of law"). But it is a firmly established principle in this State that testimony elicited from a witness called by the accused and offered by the accused is not accomplice-witness testimony which must be corroborated as contemplated under Article 38.14, V.A.C.C.P. See also *Aston v. State*, 656 S.W.2d 453 (Tex.Cr.App.1983) (trial court erred in instructing the jury a witness called by the defense was an accomplice witness; the State did not call the witness even though he had been granted immunity by the State); *Brown v. State*, 576 S.W.2d 36 (Tex.Cr.App.1978); *Cranfil v. State*, 525 S.W.2d 518, 520 (Tex.Cr.App.1975) and authorities collected therein (authorities clearly support the rule that when an accused calls a person as a witness and offers the testimony of such witness the testimony is not that of an accomplice which must be corroborated under the statute). Rather, accomplice-witness testimony must be corroborated and the jury so instructed only when the State calls the witness and seeks to rely on such witness's testimony.

Appellant was not called by the State nor was his testimony offered by the State; appellant testified in his own behalf, i.e., he was a witness for the defense. Moreover, appellant was not formally a witness in co-defendant Barnes' case because he was not called by the State or by the co-defendant. Therefore, the Court of Appeals erred in holding that co-defendant Barnes

---

1. Appellant Selman was indicted for entering into an agreement to commit murder with Paul Kosmach, while his co-defendant Barnes was charged with entering into an agreement with both Kosmach and appellant.

2. Co-defendant Barnes also objected to the court's charge in his case and renewed his pre-

trial motion to sever, but this also was denied. It is unclear from the record presented to this Court whether appellant made a pretrial motion to sever, but appellant is not contesting the court's failure to grant a severance, therefore, we will not address that issue.

was entitled to a jury instruction identifying appellant as an "accomplice as a matter of law." [3]

■ Normally, when an error in a jury charge is preserved by a timely objection, reversal is required if the error causes some harm to the accused. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App. 1984) (Opinion on State's Motion for Rehearing). The *Almanza* harm analysis is not appropriate in this case, however, because appellant did not object to error in his own charge, he objected to the instruction in his co-defendant's charge. Still, to hold that appellant has not preserved error or suffered harm because the error did not originate under his cause number would ignore the practicality of the joint trial situation—one jury trying two separate codefendants cannot isolate the evidence and instructions into "separate intellectual boxes." *See Bruton v. United States*, 391 U.S. 123, 131, 88 S.Ct. 1620, 1625, 20 L.Ed.2d 476, 482 (1968). Consequently, we hold that appellant properly preserved the error for appeal when he objected to the instruction and continued to complain on appeal that this instruction was a prejudicial comment in contradiction to Article 38.05, V.A.C.C.P. See Tex.R.App.Pro. 52(a). *See also Euziere v. State*, 648 S.W.2d 700, 703–704 (Tex.Cr.App.1983).

■ Article 38.05 provides that the judge shall not make any remark calculated to convey his opinion of the case to the jury, at any stage of the proceeding prior to the return of the verdict. For remarks by a judge to constitute a violation of Article 38.05, a reviewing court must find a benefit to the State or an injury to the appellant. *Garcia v. State*, 427 S.W.2d 897, 900 (Tex. Cr.App.1968); *Joshlin v. State*, 488 S.W.2d 773, 776 (Tex.Cr.App.1972); *Pilcher v. State*, 503 S.W.2d 547, 551 (Tex.Cr.App. 1974). Following this guideline, we shall affirm the judgment of the Court of Appeals that appellant was injured when the same jury that was to determine his guilt or innocence heard the trial court describe him "an accomplice as a matter of law."

Appellant identified the prejudicial effect in his first objection to the accomplice-witness instruction when he declared that "[w]e feel ... the Court is telling the jury that the Court has determined that Michael J. Selman has committed an unlawful act or omission in the commission of this offense." This effect becomes more evident when the instruction itself is examined:

"An accomplice, as the term is herein used, means any person connected with the crime charged, as a party thereto, and includes all persons who are connected with the crime, as such parties, by unlawful act or omission on their part transpiring either before or during the time of the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible or by both...."

\*     \*     \*     \*     \*     \*

"You are further instructed that co-defendants or persons accused in separate indictments of the same offense are under the law accomplices as a matter of law. Therefore, you are instructed that you may not convict the defendant upon the testimony of Michael Selman unless you first believe that his testimony is true and shows the defendant is guilty as charged, and then you cannot convict the defendant on his testimony unless you further believe there is further testimony in this case, outside of the testimony of Michael Selman...."

\*     \*     \*     \*     \*     \*

"You are further instructed that one accomplice may not corroborate testimony of another accomplice for the purposes set out in this charge relating to accomplice testimony, therefore, the testimony of Michael Selman, ... cannot under the law corroborate each other."

---

**3.** We note that co-defendant Barnes did not avail himself of the opportunity to cross-examine appellant.

Hence, in this joint trial setting, if the jury found co-defendant Barnes guilty of the charged offense, the same jury under these instructions must irrebuttably conclude that appellant Selman was guilty because he was an "accomplice as a matter of law." This is tantamount to a constitutionally prohibited directed verdict for the State.

As Justice Scalia has explained:

"The [Supreme] Court has disapproved the use of mandatory conclusive presumptions not merely because it conflicts with the overriding presumption of innocence with which the law endows the accused, but also because it invades the factfinding function which in a criminal case the law assigns solely to the jury. The constitutional right to a jury trial embodies a profound judgment about the way in which law should be enforced and justice administered. It is a structural guarantee that reflects a fundamental decision about the exercise of official power—a reluctance to entrust plenary powers over life and liberty of the citizens to one judge or group of judges. A defendant may assuredly insist upon observance of this guarantee even when the evidence is so overwhelming as to establish guilt beyond a reasonable doubt. That is why the Court has found it constitutionally impermissible for a judge to direct a verdict for the State." *Carella v. California,* 491 U.S. 263, 268, 109 S.Ct. 2419, 2421–22, 105 L.Ed.2d 218 (1989) (citations omitted) (Scalia, J., concurring).

*See Carella v. California,* 491 U.S. 263, 109 S.Ct. 2419, 105 L.Ed.2d 218 (1989) (per curiam); *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *Connecticut v. Johnson,* 460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983) (plurality opinion); *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1976).

Therefore, we hold that the improper accomplice-witness instruction in co-defendant Barnes' jury charge was a prejudicial comment on the weight of the evidence in appellant's case. We affirm the judgment of the Court of Appeals and remand this cause to the trial court for proceedings not inconsistent with this opinion.

MILLER, Judge, concurring.

The majority correctly reiterates the doctrine that "testimony elicited from a witness called by the accused and offered by the accused is not accomplice-witness testimony which must be corroborated as contemplated under Article 38.14, V.A.C.C.P.," majority opinion, page 311. I note we are not called upon, because neither party has raised the issue, to consider the continued viability of the doctrine vis-a-vis Tex.R. Crim.Evid. 607 abolishing the "voucher" rule. *Russeau v. State,* 785 S.W.2d 387 (Tex.Cr.App.1990). It may be that in a given situation, such as one where the State on cross examination brings out the incriminating accomplice testimony, the defendant would be entitled to an accomplice witness charge in light of the shift from previous rules of evidence brought on by Rule 607, among others.

MALONEY, J., joins.