NO. 07-01-0247-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 19, 2001

______________________________

CASEY LEON RIDDLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242
ND
 DISTRICT COURT OF HALE COUNTY;

NO. B 13658-0002; HONORABLE ED SELF, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In this appeal, Casey Leon Riddley challenges the revocation of his community supervision granted after his conviction upon a plea of guilty of the offense of possession of cocaine with intent to deliver.  The trial court assessed punishment at two years confinement in a state jail facility and a fine of $1,000, probated for five years.  No appeal was brought from the conviction.  

In April 2001, the State filed a motion to revoke community supervision, alleging seven violations of the terms of appellant’s probation.  After a hearing on June 1, 2001, appellant admitted five of the seven alleged violations, the trial court revoked his probation, and imposed the sentence originally assessed.  Appellant has appealed from that judgment.

Appellant’s counsel has now filed a motion to withdraw, together with an 
Anders
 brief.  
See Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  In that brief, he certifies that, after careful examination of the record, he has concluded that appellant’s appeal is without merit.  Along with his brief, he has provided a copy of a letter informing appellant of his intent to withdraw and of appellant’s right to appeal pro se.  Appellant was notified by this court that he had until September 27, 2001, to file a response to the brief, but no response has been received.    

    In considering matters of this type, we face two tasks as we consider the motion to withdraw.  We must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client’s appeal, and then we must determine whether counsel has correctly concluded the appeal is frivolous.  
See McCoy v. Court of Appeals of Wisconsin
, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); 
High v. State
, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  

The reporter’s record establishes that appellant pled true to five of the seven alleged violations of his community supervision, and the State introduced into evidence appellant’s signed written plea of true and stipulation of evidence.  An order revoking probation shall be affirmed if one sufficient ground for revocation supports the order.  
Moore v. State
, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980).  

We have also made an independent examination of the record to determine whether there are any arguable grounds which might support the appeal.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  Finding none, we agree with counsel that the appeal is without merit and is therefore frivolous.  
Currie v. State
, 516 S.W.2d 684 (Tex.Crim.App. 1974).  

Accordingly, the motion to withdraw is granted, and the judgment is affirmed. 

John T. Boyd

 Chief Justice

Do not publish. ked up appellant in their truck and driven to the shed for purposes of “cook[ing] dope.”  The two men entered the building to do “their thing” while she remained outside to act as lookout.  Approximately an hour to an hour and a half passed, when Maria saw the two deputies appear at the residence.  She warned Foster and appellant twice of the deputies’ arrival before the group left the shed and ran.  

Other evidence admitted at trial illustrated that the methamphetamine was actually being made when the deputies arrived.  Furthermore, the distinctive smell caused by manufacturing the substance surrounded the shed.  The odor was so strong that Deputy Lee refused to enter the building.  And, when law enforcement personnel did eventually enter it, they found methamphetamine bubbling and boiling.  So too did they discover items used to make the drug as well as some of the finished product.  

Issue One - Accomplice Witness Instruction
 

In his first issue, appellant complains of the trial court’s omission of an accomplice witness instruction from the jury charge during the guilt/innocence phase of the trial.  Appellant thought it necessary given the testimony of Maria.  Yet, the trial court overruled the request.  Though omitting the instruction was error, we find it harmless.  

One may not be convicted upon the testimony of an accomplice unless that testimony is corroborated by other evidence tending to connect the defendant with the offense committed.  
Tex. Code Crim. Proc. Ann. 
art. 38.14 (Vernon 1979).  Furthermore, an instruction so informing the jury is required whenever testimony of an accomplice is proffered by the State in an effort to convict the accused.  
Selman v. State, 
807 S.W.2d 310, 311 (Tex. Crim. App. 1991); 
Williams v. State, 
47 S.W.3d 626, 629 (Tex. App.–Waco 2001, pet. ref’d).  Finally, when a witness could be indicted for the same offense or for a lesser-included offense based on his participation in the greater offense, that witness is deemed an accomplice as a matter of law.  
Paredes v. State, 
129 S.W.3d 530, 536 (Tex. Crim. App. 2004); 
Herron v. State, 
86 S.W.3d 621, 631 (Tex. Crim. App. 2002); 
DeBlanc v. State, 
799 S.W.2d 701, 708 (Tex. Crim. App. 1990), 
cert. denied, 
501 U.S. 1259, 111 S.Ct. 2912, 115 L.Ed.2d 1075 (1991).  
 

Here, the testimony of Maria was offered to prove that appellant committed the offense of manufacturing methamphetamine.  And, given that she described herself as the group’s lookout, she too could have been charged as a party to the same offense. 
 See
 
Tex. Pen. Code Ann.
 §7.01 (Vernon 2003) (defining who can be culpable as a party).  Thus, we conclude that the trial court was obligated to include an accomplice witness instruction in its jury charge.   

Nevertheless, the error is not automatically reversible.  Rather, it is subject to a harm analysis.  
Herron v. State
, 86 S.W.3d at 632.  Moreover, evidence from a source other than the accomplice may suffice to render the error harmless.  Much depends upon the quality  and quantity of the non-accomplice testimony.  
Id.
  So, its reliability, believability, and tendency to connect the accused to the offense must be addressed.  
Id.
  And, if the record discloses no rational and articulable basis for disregarding it or for finding that it does not link the accused to the crime, then and only then can we hold it sufficient to render the error harmless.  
Id.
 at 633.

Here, we have evidence from several officers describing the actions of all three suspects.  They saw all three run in an effort to escape.  
Bradley v. State, 
48 S.W.3d 437, 442 (Tex. App.–Waco 2001, pet. ref’d) (evidence of flight can corroborate accomplice testimony because it demonstrates consciousness of guilt).  So too did they discover appellant hiding behind the shed after his compatriots were arrested.  Moreover, the occurrence of an ongoing “cook” at the time and the presence of both the ingredients for cooking methamphetamine and methamphetamine itself renders it unlikely that appellant was ignorant of what was happening.  Other evidence illustrates that appellant did not live at the residence and no vehicle other than Foster’s was at the scene when the police arrived.  Additionally, we are cited to nothing of record that contradicts this evidence.  Given this, we hold that 1) evidence from a source other than the accomplice connects appellant to the crime and 2) there is no reasonable and articulable ground for disregarding it.  Consequently, the error is harmless, and we overrule the issue.       

Issue Two - Extraneous Evidence

Through his second issue, appellant contends the trial court should not have allowed the State to ask him during the punishment phase whether he recalled having been arrested for sexual assault when he had never been convicted of that offense.  We overrule the issue.

The exchange in question occurred in the punishment phase of the trial, during cross-examination by the State, and as follows: 

Q.  October 31, 2001, Halloween, an assault charge, fifteen days in jail, $750.00 fine.  Do you remember that?

A.  No, sir.

Q.  Sexual assault of a child?

A.  No. 

[Defense Counsel]: Objection, again, Your Honor.  There was never a conviction on these; simple charges.

THE COURT: Overruled.

A. No, sir.

Q. (By [the State]) You don’t remember being charged with that?

A.  No, sir.

Q.  You don’t remember who the child was?

A.  No, sir.

Q.  Don’t remember it at all, do you?

A.  No, sir.

As can be seen, appellant believed the evidence to be inadmissible because it did not result in a final conviction.  However, before us he acknowledges that prior criminal conduct need not result in a conviction to be admissible during the punishment phase of the trial.  
See 
Tex. Code Crim. Proc. Ann.
 art. 37.07 §3(a)(1) (Vernon Supp. 2004-05) (permitting the admission of prior criminal conduct if shown beyond reasonable doubt to have been committed by the defendant).  Now, it is suggested that the evidence was inadmissible because the State failed to prove beyond reasonable doubt that appellant actually committed the assault.  That complaint differs from the one uttered below, and because it does, it was not preserved for review.  
Jones v. State, 
111 S.W.3d 600, 604 (Tex. App.–Dallas 2003, pet. ref’d) (holding that the objection asserted at trial must comport with the grounds raised on appeal; otherwise the complaint is waived).

Moreover, once appellant’s objection was overruled, no others were levied against the prosecutor’s ensuing questions.  Nor did appellant request a running objection.  This too resulted in the waiver of the complaint.  
Martinez v. State, 
98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (holding that one must continue to object to evidence believed improper or request a running objection to preserve the complaint). 

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn 

   Justice

Do not publish.