NO. 07-00-0583-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 20, 2002

_____

CANDISS CHRISTINE EVERETT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 182ND DISTRICT COURT OF HARRIS COUNTY;

NO. 848251; HONORABLE JEANNINE BARR, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Upon a plea of not guilty, appellant Candiss Christine Everett was convicted by a jury of delivery of a controlled substance and the trial court assessed punishment at two years confinement in a state jail facility, but suspended the sentence, and placed appellant on five years community supervision and assessed a $500 fine. By four issues, appellant contends (1) the trial court erred when it failed to issue an instructed verdict at the close of the State's case on its own motion, and appellant was denied effective assistance of

counsel when trial counsel failed to move for an instructed verdict of acquittal at the close of the State's case; (2) appellant was denied effective assistance of counsel when trial counsel called defense witnesses who provided inculpatory evidence used to convict her; (3) the trial court erred when it failed to include an accomplice witness instruction on the jury charge on its own motion, and appellant was denied effective assistance of counsel when trial counsel failed to request that an accomplice witness instruction be included in the jury charge; and (4) appellant was denied effective assistance of counsel as a result of cumulative error.[1]  Based on the rationale expressed herein, we affirm.

Appellant does not challenge the sufficiency of the evidence, thus only a brief recitation of the facts is necessary to the disposition of this appeal.  On June 23, 2000, an undercover officer of the Houston Police Department Narcotics Division entered a Houston nightclub to investigate narcotics activity.  The officer was approached by an unidentified male, who asked if the officer wanted to purchase narcotics.  The unidentified male later introduced the officer to appellant, and the officer was instructed to give her twenty dollars.  Appellant escorted the officer to a second male, who was an accomplice-witness the defense called at trial, and this second male delivered narcotics to the officer.  Five to ten

---

[1]Issues one and three are multifarious.  Properly briefed, the issues presented are (1) appellant was denied effective assistance of counsel due to trial counsel's (a) failure to move for an instructed verdict; (b) calling inculpatory witnesses; (c) allowing jury charge error; and (d) cumulative error.  The remaining issues then become (2) the trial court erred when it failed to issue an instructed verdict at the close of the State's case on its own motion; and (3) the trial court erred when it failed to include an accomplice witness instruction on the jury charge on its own motion.  In the interest of justice, we will treat the appeal as if it had been so briefed.

minutes later, appellant was arrested and charged with delivery of a controlled substance. We will address appellant's issues in logical rather than sequential order.

By her second issue appellant argues the trial court erred when it failed to issue an instructed verdict at the close of the State's case on its own motion. However, appellant offers no legal argument or authority supporting the contention the trial court was under an obligation to *sua sponte* grant an instructed verdict. Accordingly, issue two presents nothing for review. Garcia v. State, 887 S.W.2d 862, 871 (Tex.Cr.App. 1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). Issue two is overruled.

By her third issue, appellant argues the trial court erred when it failed to include an accomplice witness instruction on the jury charge on its own motion. Appellant contends that because inculpatory testimony was elicited from an accomplice-witness, an accomplice witness instruction was required in the jury charge. However, "it is a firmly established principle in this State that testimony elicited from a witness called by the accused and offered by the accused is not accomplice-witness testimony which must be corroborated . . . ." Selman v. State, 807 S.W.2d 310, 311 (Tex.Cr.App. 1991). "[A]ccomplice-witness testimony must be corroborated and the jury so instructed only when the State calls the witness and seeks to rely on such witness's testimony." *Id.* Here, the accomplice-witness was called by appellant, and as such, no accomplice-witness jury instruction was required in the court's charge. Issue three is overruled.

By her first issue, appellant asserts that she was denied effective assistance of counsel due to trial counsel's (a) failure to move for an instructed verdict; (b) calling inculpatory witnesses; (c) allowing jury charge error; and (d) cumulative error. We disagree. We review a claim of ineffective assistance of counsel by the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).

The assessment of whether a defendant received ineffective assistance of counsel is based on the facts of each case. Ex Parte Scott, 581 S.W.2d 181, 182 (Tex.Cr.App. 1979). Any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. McFarland v. State, 928 S.W.2d 482, 500 (Tex.Cr.App. 1996), *cert. denied*, 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997). An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating counsel's performance. Ex Parte Felton, 815 S.W.2d 733, 735 (Tex.Cr.App. 1991). However, it is possible that a single egregious error of omission or commission by counsel constitutes ineffective assistance. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). After proving error, a defendant must also affirmatively demonstrate prejudice. *McFarland*, 928 S. W.2d at 500.

Any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); *see also* Ex Parte Kunkle, 852 S.W. 2d 499, 505 (Tex.Cr.App. 1993). A strong presumption exists that defense counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).

The first two areas in which appellant alleges she was denied effective assistance of counsel is by trial counsel's failure to move for an instructed verdict at the close of the State's case and calling inculpatory witnesses. Because a motion for new trial was not filed nor a hearing conducted to establish why counsel did not make move for an instructed verdict and called certain witnesses, we must presume that counsel's conduct was sound trial strategy and fell within a wide range of reasonable representation. Thompson v. State, 9 S.W.3d 808, 813 n.5 (Tex.Cr.App. 1999). Appellant did not overcome the presumption that counsel's conduct might be considered sound trial strategy. *Jackson*, 877 S.W.2d at 771.

The third area in which appellant alleges she was denied effective assistance of counsel is by trial counsel's failure to request an accomplice-witness instruction be included in the jury charge. As noted previously, an accomplice witness instruction was

not required here.  Therefore, we cannot say trial's counsel's performance was deficient with respect to the accomplice-witness instruction.  *Strickland*, 466 U.S. at 690.

Finally, appellant alleges she was denied effective assistance of counsel is by trial counsel's cumulative error.  The only alleged additional error not previously addressed is trial counsel's failure to file discovery motions.  Again, because a motion for new trial was not filed nor a hearing conducted to inquire about possible tactical reasons for various actions or omissions by counsel, we must presume that counsel's conduct was sound trial strategy and fell within a wide range of reasonable representation.  *Thompson*, 9 S.W.3d at 813 n.5.  Appellant did not overcome the presumption that counsel's conduct might be considered sound trial strategy.  *Jackson*, 877 S.W.2d at 771.  Issue one is overruled.[2]

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

---

[2]Although appellant raised four issues, all contentions have been addressed and disposed of in the three issues discussed above.

6