NO. 07-03-0416-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 17, 2004

_____

CESILIO GONZALES, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 10,297; HON. TOM NEELY, PRESIDING
_____

***Opinion***
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Cesilio Gonzales, Jr., appeals his felony conviction for manufacturing a controlled substance, namely methamphetamine. In two issues, he contends the trial court erred in 1) overruling his request for an accomplice witness instruction, and 2) allowing the State to question him, during the punishment phase, about a sexual assault charge which had not resulted in a final conviction. We affirm the judgment of the trial court.

***Background***

On February 13, 2003, Deputy Larry Lee received a tip telling him to go to a certain location in Oklaunion where methamphetamine was being cooked by David Foster. Lee and

Deputy Bill Price went to that address. Night was falling. Upon their arrival at the scene, they saw lights in a metal shed some 75 yards from the house. Price began walking towards the shed while Lee approached the house. As the two deputies pursued their objective, they saw three persons run from the shed towards a nearby pickup truck. Two of the three, David Foster and his wife Maria, entered the pickup. The third individual, who was later identified as appellant, did not succeed in his endeavor for the truck began to pull away before he entered it. At that point, the officers drew their weapons and directed the occupants of the truck to stop. They did, and the officers secured them with handcuffs.

Between the attempt by Foster and his wife to leave and their subsequent capture, Price saw appellant run towards the south end of the shed and lie down in the grass. There, the deputies found and arrested him.

According to Maria, who testified at trial, Foster and appellant were in the business of manufacturing methamphetamine. The necessary ingredients would be acquired by various people, including appellant. Furthermore, the latter would sell the finished substance and divide the money with Foster.

On the night of the arrest, Maria continued, she and her husband had picked up appellant in their truck and driven to the shed for purposes of "cook[ing] dope." The two men entered the building to do "their thing" while she remained outside to act as lookout. Approximately an hour to an hour and a half passed, when Maria saw the two deputies appear at the residence. She warned Foster and appellant twice of the deputies' arrival before the group left the shed and ran.

Other evidence admitted at trial illustrated that the methamphetamine was actually being made when the deputies arrived. Furthermore, the distinctive smell caused by

2

manufacturing the substance surrounded the shed. The odor was so strong that Deputy Lee refused to enter the building. And, when law enforcement personnel did eventually enter it, they found methamphetamine bubbling and boiling. So too did they discover items used to make the drug as well as some of the finished product.

### Issue One - Accomplice Witness Instruction

In his first issue, appellant complains of the trial court's omission of an accomplice witness instruction from the jury charge during the guilt/innocence phase of the trial. Appellant thought it necessary given the testimony of Maria. Yet, the trial court overruled the request. Though omitting the instruction was error, we find it harmless.

One may not be convicted upon the testimony of an accomplice unless that testimony is corroborated by other evidence tending to connect the defendant with the offense committed. TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979). Furthermore, an instruction so informing the jury is required whenever testimony of an accomplice is proffered by the State in an effort to convict the accused. *Selman v. State,* 807 S.W.2d 310, 311 (Tex. Crim. App. 1991); *Williams v. State,* 47 S.W.3d 626, 629 (Tex. App.–Waco 2001, pet. ref'd). Finally, when a witness could be indicted for the same offense or for a lesser-included offense based on his participation in the greater offense, that witness is deemed an accomplice as a matter of law. *Paredes v. State,* 129 S.W.3d 530, 536 (Tex. Crim. App. 2004); *Herron v. State,* 86 S.W.3d 621, 631 (Tex. Crim. App. 2002); *DeBlanc v. State,* 799 S.W.2d 701, 708 (Tex. Crim. App. 1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2912, 115 L.Ed.2d 1075 (1991).

Here, the testimony of Maria was offered to prove that appellant committed the offense of manufacturing methamphetamine. And, given that she described herself as the

3

group's lookout, she too could have been charged as a party to the same offense. *See* TEX. PEN. CODE ANN. §7.01 (Vernon 2003) (defining who can be culpable as a party). Thus, we conclude that the trial court was obligated to include an accomplice witness instruction in its jury charge.

Nevertheless, the error is not automatically reversible. Rather, it is subject to a harm analysis. *Herron v. State*, 86 S.W.3d at 632. Moreover, evidence from a source other than the accomplice may suffice to render the error harmless. Much depends upon the quality and quantity of the non-accomplice testimony. *Id.* So, its reliability, believability, and tendency to connect the accused to the offense must be addressed. *Id.* And, if the record discloses no rational and articulable basis for disregarding it or for finding that it does not link the accused to the crime, then and only then can we hold it sufficient to render the error harmless. *Id.* at 633.

Here, we have evidence from several officers describing the actions of all three suspects. They saw all three run in an effort to escape. *Bradley v. State,* 48 S.W.3d 437, 442 (Tex. App.–Waco 2001, pet. ref'd) (evidence of flight can corroborate accomplice testimony because it demonstrates consciousness of guilt). So too did they discover appellant hiding behind the shed after his compatriots were arrested. Moreover, the occurrence of an ongoing "cook" at the time and the presence of both the ingredients for cooking methamphetamine and methamphetamine itself renders it unlikely that appellant was ignorant of what was happening. Other evidence illustrates that appellant did not live at the residence and no vehicle other than Foster's was at the scene when the police arrived. Additionally, we are cited to nothing of record that contradicts this evidence. Given this, we hold that 1) evidence from a source other than the accomplice connects appellant

4

to the crime and 2) there is no reasonable and articulable ground for disregarding it. Consequently, the error is harmless, and we overrule the issue.

### Issue Two - Extraneous Evidence

Through his second issue, appellant contends the trial court should not have allowed the State to ask him during the punishment phase whether he recalled having been arrested for sexual assault when he had never been convicted of that offense. We overrule the issue.

The exchange in question occurred in the punishment phase of the trial, during cross-examination by the State, and as follows:

Q. October 31, 2001, Halloween, an assault charge, fifteen days in jail, $750.00 fine. Do you remember that?

A. No, sir.

Q. Sexual assault of a child?

A. No.

[Defense Counsel]: Objection, again, Your Honor. There was never a conviction on these; simple charges.

THE COURT: Overruled.

A. No, sir.

Q. (By [the State]) You don't remember being charged with that?

A. No, sir.

Q. You don't remember who the child was?

A. No, sir.

Q. Don't remember it at all, do you?

A. No, sir.

As can be seen, appellant believed the evidence to be inadmissible because it did not result in a final conviction. However, before us he acknowledges that prior criminal conduct need not result in a conviction to be admissible during the punishment phase of the trial. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 §3(a)(1) (Vernon Supp. 2004-05) (permitting the admission of prior criminal conduct if shown beyond reasonable doubt to have been committed by the defendant). Now, it is suggested that the evidence was inadmissible because the State failed to prove beyond reasonable doubt that appellant actually committed the assault. That complaint differs from the one uttered below, and because it does, it was not preserved for review. *Jones v. State,* 111 S.W.3d 600, 604 (Tex. App.–Dallas 2003, pet. ref'd) (holding that the objection asserted at trial must comport with the grounds raised on appeal; otherwise the complaint is waived).

Moreover, once appellant's objection was overruled, no others were levied against the prosecutor's ensuing questions. Nor did appellant request a running objection. This too resulted in the waiver of the complaint. *Martinez v. State,* 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (holding that one must continue to object to evidence believed improper or request a running objection to preserve the complaint).

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice

Do not publish.

6