NO. 07-03-0416-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 17, 2004


______________________________



CESILIO GONZALES, JR., 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;



NO. 10,297; HON. TOM NEELY, PRESIDING


_______________________________



Opinion


 _______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Cesilio Gonzales, Jr., appeals his felony conviction for manufacturing a controlled
substance, namely methamphetamine. In two issues, he contends the trial court erred in
1) overruling his request for an accomplice witness instruction, and 2) allowing the State
to question him, during the punishment phase, about a sexual assault charge which had
not resulted in a final conviction. We affirm the judgment of the trial court. Background
 

On February 13, 2003, Deputy Larry Lee received a tip telling him to go to a certain location
in Oklaunion where methamphetamine was being cooked by David Foster. Lee and
Deputy Bill Price went to that address. Night was falling. Upon their arrival at the scene,
they saw lights in a metal shed some 75 yards from the house. Price began walking
towards the shed while Lee approached the house. As the two deputies pursued their
objective, they saw three persons run from the shed towards a nearby pickup truck. Two
of the three, David Foster and his wife Maria, entered the pickup. The third individual, who
was later identified as appellant, did not succeed in his endeavor for the truck began to pull
away before he entered it. At that point, the officers drew their weapons and directed the
occupants of the truck to stop. They did, and the officers secured them with handcuffs. 

 Between the attempt by Foster and his wife to leave and their subsequent capture,
Price saw appellant run towards the south end of the shed and lie down in the grass. 
There, the deputies found and arrested him.

 According to Maria, who testified at trial, Foster and appellant were in the business
of manufacturing methamphetamine. The necessary ingredients would be acquired by
various people, including appellant. Furthermore, the latter would sell the finished
substance and divide the money with Foster. 

 On the night of the arrest, Maria continued, she and her husband had picked up
appellant in their truck and driven to the shed for purposes of "cook[ing] dope." The two
men entered the building to do "their thing" while she remained outside to act as lookout. 
Approximately an hour to an hour and a half passed, when Maria saw the two deputies
appear at the residence. She warned Foster and appellant twice of the deputies' arrival
before the group left the shed and ran. 

 Other evidence admitted at trial illustrated that the methamphetamine was actually
being made when the deputies arrived. Furthermore, the distinctive smell caused by
manufacturing the substance surrounded the shed. The odor was so strong that Deputy
Lee refused to enter the building. And, when law enforcement personnel did eventually
enter it, they found methamphetamine bubbling and boiling. So too did they discover items
used to make the drug as well as some of the finished product. 

 Issue One - Accomplice Witness Instruction 

 In his first issue, appellant complains of the trial court's omission of an accomplice
witness instruction from the jury charge during the guilt/innocence phase of the trial. 
Appellant thought it necessary given the testimony of Maria. Yet, the trial court overruled
the request. Though omitting the instruction was error, we find it harmless. 

 One may not be convicted upon the testimony of an accomplice unless that
testimony is corroborated by other evidence tending to connect the defendant with the
offense committed. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). Furthermore,
an instruction so informing the jury is required whenever testimony of an accomplice is
proffered by the State in an effort to convict the accused. Selman v. State, 807 S.W.2d
310, 311 (Tex. Crim. App. 1991); Williams v. State, 47 S.W.3d 626, 629 (Tex. App.-Waco
2001, pet. ref'd). Finally, when a witness could be indicted for the same offense or for a
lesser-included offense based on his participation in the greater offense, that witness is
deemed an accomplice as a matter of law. Paredes v. State, 129 S.W.3d 530, 536 (Tex.
Crim. App. 2004); Herron v. State, 86 S.W.3d 621, 631 (Tex. Crim. App. 2002); DeBlanc
v. State, 799 S.W.2d 701, 708 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259, 111
S.Ct. 2912, 115 L.Ed.2d 1075 (1991). 

 Here, the testimony of Maria was offered to prove that appellant committed the
offense of manufacturing methamphetamine. And, given that she described herself as the
group's lookout, she too could have been charged as a party to the same offense. See
Tex. Pen. Code Ann. §7.01 (Vernon 2003) (defining who can be culpable as a party). 
Thus, we conclude that the trial court was obligated to include an accomplice witness
instruction in its jury charge. 

 Nevertheless, the error is not automatically reversible. Rather, it is subject to a harm
analysis. Herron v. State, 86 S.W.3d at 632. Moreover, evidence from a source other than
the accomplice may suffice to render the error harmless. Much depends upon the quality 
and quantity of the non-accomplice testimony. Id. So, its reliability, believability, and
tendency to connect the accused to the offense must be addressed. Id. And, if the record
discloses no rational and articulable basis for disregarding it or for finding that it does not
link the accused to the crime, then and only then can we hold it sufficient to render the error
harmless. Id. at 633.

 Here, we have evidence from several officers describing the actions of all three
suspects. They saw all three run in an effort to escape. Bradley v. State, 48 S.W.3d 437,
442 (Tex. App.-Waco 2001, pet. ref'd) (evidence of flight can corroborate accomplice
testimony because it demonstrates consciousness of guilt). So too did they discover
appellant hiding behind the shed after his compatriots were arrested. Moreover, the
occurrence of an ongoing "cook" at the time and the presence of both the ingredients for
cooking methamphetamine and methamphetamine itself renders it unlikely that appellant
was ignorant of what was happening. Other evidence illustrates that appellant did not live
at the residence and no vehicle other than Foster's was at the scene when the police
arrived. Additionally, we are cited to nothing of record that contradicts this evidence. Given
this, we hold that 1) evidence from a source other than the accomplice connects appellant
to the crime and 2) there is no reasonable and articulable ground for disregarding it. 
Consequently, the error is harmless, and we overrule the issue. 

 Issue Two - Extraneous Evidence

 Through his second issue, appellant contends the trial court should not have allowed
the State to ask him during the punishment phase whether he recalled having been
arrested for sexual assault when he had never been convicted of that offense. We overrule
the issue.

 The exchange in question occurred in the punishment phase of the trial, during
cross-examination by the State, and as follows: 

 Q. October 31, 2001, Halloween, an assault charge, fifteen days in jail,
$750.00 fine. Do you remember that?


 A. No, sir.


 Q. Sexual assault of a child?


 A. No. 


 [Defense Counsel]: Objection, again, Your Honor. There was never a
conviction on these; simple charges.


 THE COURT: Overruled.


 A. No, sir.


 Q. (By [the State]) You don't remember being charged with that?


 A. No, sir.


 Q. You don't remember who the child was?


 A. No, sir.


 Q. Don't remember it at all, do you?


 A. No, sir.


As can be seen, appellant believed the evidence to be inadmissible because it did not
result in a final conviction. However, before us he acknowledges that prior criminal conduct
need not result in a conviction to be admissible during the punishment phase of the trial. 
See Tex. Code Crim. Proc. Ann. art. 37.07 §3(a)(1) (Vernon Supp. 2004-05) (permitting
the admission of prior criminal conduct if shown beyond reasonable doubt to have been
committed by the defendant). Now, it is suggested that the evidence was inadmissible
because the State failed to prove beyond reasonable doubt that appellant actually
committed the assault. That complaint differs from the one uttered below, and because it
does, it was not preserved for review. Jones v. State, 111 S.W.3d 600, 604 (Tex.
App.-Dallas 2003, pet. ref'd) (holding that the objection asserted at trial must comport with
the grounds raised on appeal; otherwise the complaint is waived).

 Moreover, once appellant's objection was overruled, no others were levied against
the prosecutor's ensuing questions. Nor did appellant request a running objection. This
too resulted in the waiver of the complaint. Martinez v. State, 98 S.W.3d 189, 193 (Tex.
Crim. App. 2003) (holding that one must continue to object to evidence believed improper
or request a running objection to preserve the complaint). 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn 

 Justice

Do not publish.