In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00032-CV


______________________________




HUBERT OWENS AND LINNIE OWENS,


D/B/A OWENS BAIL BONDS, Appellants



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 123rd Judicial District Court


 Panola County, Texas


Trial Court No. 1997-C-073




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Hubert Owens and Linnie Owens, d/b/a Owens Bail Bonds, appellants, have filed with this
Court a motion to dismiss their pending appeal in this matter, representing to this Court that the
parties have reached a full and final settlement. In such a case, no real controversy exists, and in the
absence of a controversy, the appeal is moot.

 We grant the motion and dismiss this appeal.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: April 14, 2009 

Date Decided: April 15, 2009



nside the
mobile home and found Ondrasek, Wright's daughter, sleeping outside in a vehicle. Inside the trunk
of the vehicle, the police found methamphetamine and the equipment and chemicals necessary to
manufacture it. Only Green and Ondrasek were charged with criminal offenses.

 A conviction cannot be based on the testimony of an accomplice unless that testimony is
corroborated by other evidence tending to connect the defendant with the offense, and the
corroboration is not sufficient if it merely shows the commission of the offense. See Tex. Code
Crim. Proc. Ann. art. 38.14 (Vernon 1979). A defendant is entitled to an accomplice witness
instruction to the jury when trial testimony offered by the state is elicited from an accomplice for the
purpose of proving the defendant's guilt. Selman v. State, 807 S.W.2d 310, 311 (Tex. Crim. App.
1991). This rule reflects a legislative determination that accomplice testimony implicating another
person should be viewed with caution because accomplices often have incentives to lie, in order to
avoid punishment or shift blame to another person. Blake v. State, 971 S.W.2d 451, 454 (Tex. Crim.
App. 1998). 

 Our case law has clearly defined those who are subject to the accomplice witness rule. An
accomplice is one who participated with the defendant before, during, or after the commission of a
crime. McFarland v. State, 928 S.W.2d 482, 514 (Tex. Crim. App. 1996); Kunkle v. State, 771
S.W.2d 435, 439 (Tex. Crim. App. 1986). A person is an accomplice if there is sufficient evidence
connecting him to the criminal offense as a blameworthy participant. Blake v. State, 971 S.W.2d at
455. The participation necessary to constitute one an accomplice must involve an affirmative act
or omission by the witness in order to promote the commission of the offense. Id. at 454;
McFarland v. State, 928 S.W.2d at 514. 

 Whether the testifying witness is actually charged with a crime for participation in the offense
is irrelevant; what is relevant is what is shown by the evidence. Blake v. State, 971 S.W.2d at 455. 
The test is whether there is sufficient evidence in the record to support a criminal charge against the
witness based on the indictment on which the defendant is tried. Gamez v. State, 737 S.W.2d 315,
322 (Tex. Crim. App. 1987). When an accomplice testifies, it is the jury's task to determine whether
that testimony has been sufficiently corroborated. Some witnesses are accomplices as a matter of
law. If there is no doubt, or if the evidence clearly shows, that a witness is an accomplice, the court
has the duty to instruct the jury of this fact and of the necessity of corroborative evidence. See
DeBlanc v. State, 799 S.W.2d 701, 708 (Tex. Crim. App. 1990). Some are accomplices as a matter
of fact. If the evidence presented by the parties is conflicting, it is proper to leave the determination
of accomplice status to the jury under instructions defining the term "accomplice." Id.; Blake v.
State, 971 S.W.2d at 455. This is true even if the evidence shows more likely than not that the
witness is an accomplice as a matter of law. Gamez v. State, 737 S.W.2d at 322. Thus, jury
submission is favored. See 43 George E. Dix & Robert O. Dawson, Texas Practice: 
Criminal Practice And Procedure § 31.281 (2d ed. 2001). 

 In our case, the jury charge informed the jury that Ondrasek was an accomplice, and it
included general instructions regarding her testimony. Green also asked the court to charge the jury
that Wright was an accomplice as a matter of law, but the trial court denied this request. A review
of the record leads us to conclude that Wright was not an accomplice as a matter of law. Green did
not request the trial court to give an accomplice as a matter of fact instruction concerning Wright.

 Wright testified that she went to the mobile home to persuade her daughter, Ondrasek, to
return home with her and that she stayed at the mobile home only because her daughter refused to
leave. In addition to assisting Green by putting some items used in the drug manufacturing process
into buckets, Wright also assisted in loading those buckets into the rental vehicle. She testified she
recognized the substances in the buckets and knew what was taking place. She knew Green was
making "speed" and testified that the technical name for "speed" is "methamphetamine or
amphetamine hydrochloride." A prescription bottle with Wright's name on it was found in the rental
vehicle inside a small bag that also contained three syringes, lithium batteries, and other items. The
bottle contained amphetamine. Ondrasek testified that the lithium batteries are used in the drug
manufacturing process. She also testified that she and Green purchased a large quantity of
nonprescription medications that were used in the manufacturing process and that she and Green
"popped" these pills out of their original packaging. Wright testified she may have also "popped out
some pills." Wright was arrested at the same time Green and Ondrasek were arrested and spent two
days in jail, but she was apparently never charged with an offense. Wright consulted a lawyer before
testifying, and he advised her "not to be too forthcoming" or she "might get [her]self in jeopardy."

 Based on this evidence, the jury could have disbelieved Wright's testimony that her only
purpose for being at the mobile home that evening was to get her daughter to leave. This is
especially true considering her testimony that she had been in and out of that home at least twice that
day, and on numerous other occasions. This evidence is sufficient to support a finding that Wright
acted with intent to promote or assist in the commission of the offense. However, because the
evidence of her intent was conflicting, this was a matter for the jury to decide, and as Green did not
request an accomplice as a matter of fact instruction, he has not preserved any error of the trial court
in failing to give such instruction. Even if he had preserved his complaint, any error would have
been harmless because the corroborating evidence of Green's guilt is overwhelming. 

 Green next argues that his conviction cannot stand because it is based solely on the
uncorroborated testimony of accomplice witnesses. As Wright was not an accomplice as a matter
of law and there is no jury finding that she was an accomplice as a matter of fact, the only
accomplice witness was Ondrasek. The test for sufficient corroboration is to eliminate from
consideration the accomplice testimony and then examine the other inculpatory evidence to ascertain
whether the remaining evidence tends to connect the defendant with the offense. McDuff v. State,
939 S.W.2d 607, 612 (Tex. Crim. App. 1997). Disregarding Ondrasek's testimony in its entirety,
there is nevertheless sufficient evidence connecting Green to the offense. He was found where there
was voluminous evidence of illegal drugs and their manufacture. And Wright was an eyewitness to
Green's commission of the crime. It is not necessary that corroborating evidence of accomplice
witness testimony be of itself sufficient to establish the guilt of an accused. See Cox v. State, 830
S.W.2d 609, 611 (Tex. Crim. App. 1992). It is not even necessary that such evidence directly
connect the accused to the crime. Id. It is only necessary that the corroborating evidence tend to
connect the accused with the offense. Id. There was certainly evidence in this case outside
Ondrasek's testimony tending to connect Green to the crime. We overrule Green's second
contention.

 Green's third issue is that the trial court improperly admitted evidence of unadjudicated
extraneous offenses during the sentencing phase of trial without first determining the threshold
admissibility of such offenses. 

 At the punishment phase of the trial, "evidence may be offered by the state and the
defendant as to any matter the court deems relevant to sentencing, including but not
limited to the prior criminal record of the defendant, his general reputation, his
character, an opinion regarding his character, the circumstances of the offense for
which he is being tried and, . . . any other evidence of an extraneous crime or bad act
that is shown beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible, regardless of whether
he has previously been charged with or finally convicted of the crime or act."


Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2002). 


 The trial court has the responsibility of determining the threshold admissibility of extraneous
offenses in the punishment phase. Mitchell v. State, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996). 
Green does not argue that the evidence fails to show beyond a reasonable doubt that he committed
these extraneous offenses; rather, he argues solely that the court did not determine for itself that he
had committed these acts before allowing evidence of them to go to the jury. We disagree with
Green's reading of the record. The trial judge openly stated that he did not believe the evidence
violated Article 37.07 and overruled Green's objection. The court therefore determined that the
evidence of the offenses was sufficient to warrant their submission to the jury. Whether such a
determination was error is not an issue of which Green now complains, so we will not review it. 
Green's third contention is overruled. 

 Finally, Green complains that the trial court erred in failing to instruct the jury on the
reasonable doubt standard of proof concerning the extraneous offense evidence. A defendant is
entitled to have the jury instructed on this burden of proof, on request. Huizar v. State, 12 S.W.3d
479, 483 (Tex. Crim. App. 2000). The jury charge read: 

 The State has introduced evidence of extraneous crimes or bad acts other than the one
charged in the indictment in this case. This evidence was admitted only for the
purpose of assisting you, if it does, in determining the proper punishment for the
offense for which you have found the defendant guilty. You cannot consider the
testimony for any purpose unless you find and believe beyond a reasonable doubt that
the defendant committed such other acts, if any, [sic] were committed.


This charge clearly instructed the jury on the reasonable doubt standard of proof required for the
extraneous offense evidence. Green either misreads the jury charge or misstates his objection. It is
possible that Green intends to complain that the jury charge did not define "reasonable doubt." This
would be an accurate complaint. Nevertheless, such a complaint would have no merit, either. 
Unless requested by the defendant, a reasonable doubt definition need not be given at the punishment
phase. Id. (citing Fields v. State, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999)). Green did not
request such an instruction. 






 The judgment of the trial court is affirmed.



 William J. Cornelius

 Chief Justice


Date Submitted: February 28, 2002

Date Decided: March 20, 2002


Publish