**Bart TALKINGTON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–83–288–CR.**

Court of Appeals of Texas, Eastland.

Nov. 29, 1984.

Rehearing Denied Jan. 10, 1985.

James Murphy, Dallas, for appellant.

Henry M. Wade, Criminal Dist. Atty., Dallas, for appellee.

McCLOUD, Chief Justice.

The jury convicted appellant of rape and set his punishment at confinement in the Texas Department of Corrections for a term of five years.

On March 24, 1983, appellant and James Parker met the complainant at a bar. After leaving the bar, appellant purchased champagne which the three drank as they rode around in appellant's van. It is undisputed that appellant and Parker had sexual intercourse with the complainant in the van. The dispute is whether or not the complainant consented. She testified that she did not consent to having sexual intercourse with either Parker or appellant. Appellant and Parker testified that the complainant consented to the sexual intercourse.

Parker and appellant were jointly tried. The jury acquitted Parker, but found appellant guilty. We reverse and remand.

Appellant argues that the court improperly commented on the weight of the evidence in the charge. We agree. The court, in its charge, referred to the complainant as the "victim." Appellant timely and properly objected. In the charge, when applying the law to the facts, the court stated:

> Now therefore, bearing in mind the foregoing instructions, if you find and believe from the evidence beyond a reasonable doubt that the defendant, Bart Talkington, on or about the 24th day of March, 1983, in Dallas County, Texas, did then and there unlawfully intentionally or knowingly by means of force or threats have sexual intercourse with

(KB), *hereinafter called victim,* a female not his wife without the consent of the said *victim* and by acts, words, and deeds placed the said *victim* in fear of harm, then you will find the defendant guilty of the offense of rape. (Emphasis added)

The sole issue in the case was whether or not the complainant consented to the sexual intercourse. All parties testified that the sexual intercourse occurred. The controversy was whether the complainant was truly a "victim" or a willing participant.

TEX.CODE CRIM.PRO.ANN. art. 36.14 (Vernon Supp.1984) expressly provides that the judge shall not express "any opinion as to the weight of the evidence" in the written charge, or use "any argument in his charge calculated to arouse the sympathy or excite the passions of the jury."

"Victim" is defined in Black's Law Dictionary, 5th Ed., as "The person who is the object of a crime...." If the complainant consented to the sexual intercourse, as testified by appellant and Parker, she was not the object of a crime, and she was not a "victim."

We hold that to refer in the court's charge to the complainant as the "victim" when the issue is whether or not she consented to the sexual intercourse, constitutes reversible error.

We overrule appellant's attack upon the sufficiency of the evidence to support the conviction. There is evidence that appellant, by means of force, had sexual intercourse with the complainant without her consent.

The judgment of the trial court is reversed, and the cause is remanded.