*842 MANSFIELD, Justice
(concurring specially).
I generally ágree with the court’s well-reasoned opinion, but write separately to raise one area of disagreement.
In Part III.D.1, the court concludes' that “the prosecutor erred during closing argument in persistently using the term ‘victim’ to refer to the complaining witness'.” This is dictum, because in Part III.D.2 the court goes on to And no prejudice from the prosecutorial error. The court could have omitted Part III.D.1 and simply have'assumed an error occurred for purposes of its opinion. However, because the court has seemingly established a new rule for closing arguments in criminal cases in Iowa, I want to register a different view.
I think whether prosecutors can use the term “victim” in closing argument should be left to the individual judgment of trial judges running their own courtrooms. This is not an area in need of a statewide rule promulgated by the Iowa Supreme Court.
Here the prosecutor chose to use the terms “defendant” and “victim” instead of actual names during closing argument. After the nineteenth use of the term “victim,” defense counsel objected: “Your Hon- or, I’m objecting to the State’s repeated reference to Mr. Gray as the victim in this case. It’s the jury’s decision.” At this point, the district court overruled the objection. The prosecutor continued to use the term. No further objection was made.
Note defense counsel’s objection. She didn’t, complain that the prosecutor was going outside the bounds of fair argument. Instead she said, “It’s thq jury’s decision.” Experienced lawyers make these kinds of objections not because they expect to be upheld by the trial judge, but because they want to make sure the jury understands what is going on—i.e., an opponent’s repetitive and even ham-handed use of a rhetorical device. The. objection does the job whether or not it is sustained by the district court.
Policing this stuff ought to be the job of our trial courts, not us. I would have no problem with a trial court- that forbid the use of the term “victim” in closing argument. Such a ruling would eliminate a potentially loaded term and would not deprive the prosecutor of the ability to vigorously argue the evidence. I also would have no problem with a trial court that allowed use of the term “victim”. It is, after all, an extrapolation from the evidence. Additionally, if overused, the term can become tiresome and counterproductive. Further, as I’ve already explained, experienced defense lawyers have ways of defusing this sort of thing, if it needs to be defused.
My concern .arises when we turn this type of matter into a serious appellate issue. The court correctly says that context matters when it comes to use of the term “victim.” But it then proceeds to blur context in its analysis. There is a difference, of course, between a court’s use of the term in jury instructions and a prosecutor’s use of the term in closing argument. See, e.g., Talkington v. State, 682 S.W.2d 674, 674 (Tex. Ct. App. 1984) (“The court, in its charge, referred to the complainant as the ‘victim.’”). Argument is, after all, argument. As in other jury trials, the jury in this case was instructed that the closing arguments of counsel are not themselves evidence. So I would focus on closing argument precedents.
Here, appellate court viewpoints- diverge, although I have yet to And a conviction being reversed because the prosecutor used the word “victim” in closing argument. See State v. Warholic, 278 Conn. 354, 897 A.2d 569, 584 (2006) (concluding it was not improper for the State to refer to the complainant as the victim during its *843 closing remarks because “the jury was likely to understand that the state’s identification of the complainant as the victim reflected the state’s contention that, based on the state’s evidence, the complainant was the victim of the alleged crimes”); State v. Albino, 130 Conn.App. 745, 24 A.3d 602, 617, 626 (2011) (finding that the prosecutor’s twenty-seven references to “the victim” during the evidentiary phase of the trial, combined with use of the term throughout closing argument, was improper but not prejudicial such as to warrant a new trial).
Some appellate courts have stated that the term “victim” during closing argument is not objectionable. See United States v. Gibson, 690 F.2d 697, 703 (9th Cir. 1982) (“[T]he prosecutor’s use of the word ‘victim’ was fair comment on the evidence.”); People v. Shendi, No. C064289, 2011 WL 521173, at *5 (Cal. Ct. App. Feb. 15, 2011) (“[T]he prosecutor’s characterization of Galindo was not improper because it was based on evidence within the record. Indeed, the fact that the prosecution charged defendant necessarily implies the prosecutor believed him to be guilty and believed that Galindo was the ‘victim’ of defendant’s crime.”); People v. Lampe, No. 326660, 2016 WL 3452161, at *7 (Mich. Ct. App. June 23, 2016) (finding no misconduct in prosecutor’s use of the term forty-eight times during closing argument because “victim” does not necessarily mean victim of a crime).
To my mind, this body of precedent confirms that we should not be devoting appellate resources to this issue; Instead, we should be leaving supervision where it has been until now—in the hands of our able trial judges.
Consistent with this approach, when a particular closing argument passes trial judge scrutiny and reaches us .on appeal, we have said that a prosecutor has “considerable latitude.” State v. Carey, 709 N.W.2d 547, 555 (Iowa 2006). In effect, this means the lawyer “may draw conclusions and argue permissible inferences which reasonably flow from the evidence presented.” Id. at 554 (quoting State v. Thornton, 498 N.W.2d 670, 676 (Iowa 1993)). In Carey, we found no error when the prosecutor implied during closing argument that the defendant would have assaulted a police officer if only he had a knife, that the defendant should have sent a threatening letter to a witness in order to save his case, and then asked the jury whether the defendant was playing “games” with them due to his inconsistent testimony. Id. at 555. We said that the comments, “while sarcastic and snide, were based on a legitimate assessment of the evidence.” Id. Carey is a much closer case.
Moreover, the record in this case shows that the prosecutor made no reference to Randy Gray as the victim until after the jury had heard his testimony in full. In her opening statement, the prosecutor used the terms “Mr. Gray” and “Mr. Plain” to identify the principals. Only after Gray’s testimony did' she substitute the terms “victim” and -“defendant” in the closing.
One final note. A legitimate concern has been expressed that our legal culture has been too willing to devictimize crimes, particularly crimes of sexual violence. See Claudia Bayliff, Project Attorney, Nat’l Judicial Educ, Program, Legal. Momentum, Presentation at the Iowa Judges Fall Conference: Raped or “Seduced”? How Language Impacts Perceptions of Sexual Violence (Oct. 28, 2015) (expressing the need to “[rjeclaim ‘victim’ ”). In á criminal case of sexual assault, some have stated the view that “the term ‘victim’ will typically be used,” and “the phrase ‘alleged victim’ ... must be justified by unique circumstances.” Id. (resource materials at- 27). This further highlights the need for trial *844 judge discretion rather than supreme court across-the-board decisional rulemak-ing.
For these reasons, I concur except as to Part III.D.1 of the court’s opinion.
Waterman, J., joins this special concurrence.