*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MOSES RALPH AIKENS,

        Defendant-Appellant.

FOR PUBLICATION
May 16, 2025
9:18 AM

No.  368187
Monroe Circuit Court
LC No.  19-245308-FH

Before:  M. J. KELLY, P.J., and SWARTZLE and ACKERMAN, JJ.

SWARTZLE, J. (*concurring*).

Since at least the time of Aristotle, it has been widely recognized that *begging the question* is a logical fallacy. See Aristotle, *Prior Analytics Book II* 64b28-65a26.  Begging the question is a form of circular reasoning, when one presumes the very point that one instead should be demonstrating with evidence or logic. *Id.* at 64b38-39.  When a lawyer has the temerity to make this mistake in a brief or at oral argument, Michigan judges often let them (and the rest of the viewing public) know about it.

Fair enough, but what is good for the goose is good for the gander.  For far too long, Michigan judges have permitted a prosecutor to beg the question before the jury whether a complainant in a sexual-assault case is, in fact, a victim of such assault.  The prosecutor does this when, during a sexual-assault trial focused primarily on the actus reus, the prosecutor refers to the complainant as the "victim" without the accompanying adjective "alleged."

To be clear, not all (or even most) uses of the term "victim" during trial fall into this logical trap.  For example, when no one disputes that a complainant has been sexually assaulted and the only material question at trial is one of the perpetrator's identity, then the use of the term "victim" to refer to the complainant might well be appropriate.  For another example, during a trial involving the fact that a person died from Covid 19, it would be appropriate to refer to that person having been a "victim" of the pandemic.  But in contrast to these and other similar use-cases, when the key question at trial is whether the complainant did, in fact, suffer an assault—as opposed either to no sexual act at all or a purely voluntary sexual act between consenting adults—then the use of

-1-

the term "victim" to refer to the complainant in front of the jury begs the very question that the jury is tasked with answering.

We judges have sanctioned this practice because (a) our Legislature refers in statute to the complainant as a "victim," MCL 750.520a(s), and, in any event, (b) any reasonable juror must surely recognize that the prosecutor believes that the complainant is, in fact, a victim of the charged crime, *People v Wisniewski*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 361978); slip op at 18. No harm, no foul, in other words.

But the harm should be self-evident, for two reasons. First, in a criminal trial where the actus reus is the key question, the term "victim" is not value-neutral, unlike, for example, "party" or "complainant." In this context, the term "victim" implies both an injury and a perpetrator—to be a "victim" is to have been wronged in some material way by some person. When a person's life or liberty is at stake, we need to be more deliberate in the words we allow to be used in our courtrooms.

Second, and equally as important, the prosecutor, like the judge, is a representative of the public. The prosecutor's responsibility to the court and the public is, first and foremost, that *justice be done*, even if that means losing a particular case. *People v Smith*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 362114); slip op at 13. When a prosecutor, representing "The People" themselves, uses the term "victim" before the jury, this use has greater weight and credibility than would a similar use by a lawyer representing a private party. Moreover, the prosecutor's use of the label "victim" is a signal to the jury that, at least in some sense, the public (through the voice of the prosecutor) has found this complainant to be, in fact, a victim. This is a subtle form of vouching and prejudging that should raise due-process and fair-trial concerns under article I, §§ 17 and 20 of our Constitution of 1963. We do not countenance a prosecutor giving to the jury a personal opinion of the defendant's guilt, *People v Bigge*, 297 Mich 58, 68; 297 NW 70 (1941), and we should not countenance what amounts to the same when a prosecutor labels the complainant a "victim" throughout trial.

On this issue, Michigan judges have put this state out of step with courts across the country. See, e.g., *United States v Garcia-Limon*, unpublished opinion of the United States District Court for the Eastern District of Oklahoma, issued May 16, 2022 (Case No. CR 21-0032 RB), 2022 WL 3334498 (discussing cases); *Veteto v State*, 8 SW3d 805, 816-817 (Tex Crim App, 2000) (holding that it was an improper comment on the evidence for the trial court to fail to use the word "alleged" when referring to the "victim"), abrogated in part on other grounds, *State v Crook*, 248 SW3d 172 (2008); *Jackson v State*, 600 A2d 21, 24 (Del, 1991) (stating that the prosecutor should not use the term "victim" in a case in which there is a dispute about whether a crime occurred); *Talkington v State*, 682 SW2d 674, 674-675 (Tex Crim App, 1984) (holding that it was error to refer to the complainant as the "victim" when the sole issue was about whether the complainant consented to the sexual intercourse). I acknowledge, however, that courts in some other jurisdictions permit the practice. See *Wisniewski*, slip op at 18-19.

Rather than stack precedent from out-of-state jurisdictions into columns pro and con, I would prefer we just return to our Constitution of 1963 and its guarantees of due process and fair trial. The practice of referring to the complainant as the "victim" when the actus reus is before the

jury is illogical, unnecessary, and prejudicial—any one of which would counsel against the practice, but all three of which compel its bar.

To be clear again—I do not place the fault on prosecutors, as they are simply following the rules set down by this Court and our Supreme Court. Nor do I place the fault on our Legislature, as that branch does not have the final say on determining what our Constitution requires under our republican form of government.

No, I place the fault squarely on our Judiciary, and, as such, it is our responsibility to fix the problem.

To that end, in the present case, I do not believe that the prosecutor's use of the term "victim" was reversible error under the high bar set in *People v Carines*, 460 Mich 750; 597 NW2d 130 (1999) (setting forth plain-error review). In other words, this is not the right case to call for a conflict panel under MCR 7.215(J). I do, however, call on our Supreme Court to rectify this jurisprudential error in an appropriate case. If our Supreme Court fails to act, then in a future appeal before this Court, when the error could be outcome determinative, a conflict panel should be convened.

Until then, this Court is bound by precedent to permit the practice, as explained in the majority opinion. Accordingly, I respectfully concur in the majority's opinion and judgment, but with the reservations set forth in this separate opinion.

/s/ Brock A. Swartzle